IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:03-cr-30093 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RONALD SAMUEL JACKSON ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Ronald Samuel Jackson's motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. (Dkt. No. 280.) The United States has filed a response, in which it acknowledges that Jackson is eligible for relief under the Act and asks that his sentence be reduced to time served. (Dkt. No. 283.) Jackson also has filed a reply. (Dkt. No. 284.) Neither party has requested a hearing, and defendant has expressly waived any resentencing hearing. (Dkt. No. 280 at 3.) For the reasons discussed below, the court will grant the defendant's motion but will not reduce his sentence below the time he has already served.

I. BACKGROUND

Jackson was indicted on September 2, 2003, on a single charge of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The government subsequently filed a notice under 21 U.S.C. § 851, which increased Jackson's statutory penalty range upon conviction to a mandatory minimum of 20 years and a maximum of life imprisonment. The notice also triggered a ten-year mandatory minimum term of supervised release.

After a three-day jury trial, the jury returned a guilty verdict and specifically found that the offense involved 50 grams or more of crack cocaine. (Dkt. No. 129.) At sentencing, the court determined that Jackson's base offense level was a 32, based on a drug amount of between 50 and 150 grams of cocaine base. Although the PSR recommended that he receive a two-level upward adjustment for his role in the offense, pursuant to United States Sentencing Guideline (U.S.S.G.)

§ 3B1.1(c), the sentencing court declined to apply that adjustment. The court also determined that he was entitled to a two-level reduction for acceptance of responsibility. Accordingly, his total offense level was 30 and his criminal history category was III, which would have resulted in a guideline sentence below 240 months. Because of the statutory mandatory minimum, however, his guideline sentence was 240 months. *See* U.S.S.G. § 5G1.1(b). The court imposed the statutory mandatory minimum sentence of 240 months, to be followed by a ten-year supervised release term. (Dkt. No. 177.)

Jackson appealed, and the Fourth Circuit affirmed his conviction and sentence. (Dkt. No. 202, 205.) In 2008, Jackson filed a motion for reduction of sentence pursuant to U.S.S.G. Amendments 9 and 706. The court denied that motion because the defendant had received the statutory mandatory minimum sentence, and the guideline amendments did not authorize a sentence below the statutory mandatory minimum. (Dkt. No. 215.)

## II. DISCUSSION

Jackson, through appointed counsel, now seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

As the parties agree, Jackson meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by section 2 of the Fair

2

Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams.

Jackson was charged with 50 grams or more of cocaine base, and not at least 280 grams. Thus, applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(A) but would instead be subject to the penalties set forth in § 841(b)(1)(B). Under that provision, and with the § 851 notice, Jackson's statutory sentencing range is ten years to life imprisonment and at least eight years of supervised release. The guideline range of imprisonment that now applies in the defendant's case is the statutory mandatory minimum: 120 months. (February 8, 2019 Addendum to Presentence Report, Dkt. No. 285.)

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in Jackson's case. He has served approximately 14 years and 9 months. Jackson seeks a sentence of 120 months, which would allow him to "bank time" with the Bureau of Prisons, but the United States objects to the imposition of any sentence below time served. Having considered the sentencing factors of 18 U.S.C. § 3553(a), the court will reduce his sentence to a sentence of time served, to be followed by an eight-year term of supervised release, but will not reduce his sentence below a sentence of time served. In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to "bank time," which could allow him to commit further crimes without the fear of imprisonment. *Cf. Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct."). In all likelihood, similar

3

concerns underlie the express prohibition on a court's reduction of a sentence below time served when reducing based on a sentencing guideline amendment. *See* U.S.S.G. § 1B1.10(b)(1)(C) (directing that a reduction in a term of imprisonment pursuant to a guideline amendment "[i]n no event may . . . be less than the term of imprisonment the defendant has already served").

The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range. *See, e.g.*, *United States v. Thompson*, Crim. No. 03-72, 2019 WL 460361, at *2 (W.D. Pa. Feb. 6, 2019) (noting that the defendant had already served at least 54 months more than the high-end of the guideline range, and reducing his sentence under the First Step Act to time served); *see also United States v. Fleurival*, No. 5:06-cr-41-4 (W.D. Va. Feb. 6, 2019) (denying defendant's request to be resentenced to a term of imprisonment less than time served).

### III.  CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence of time served, to be followed by 8 years of supervised release.  An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: February 13, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge